FILED

2026 Mar-24  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| WILBERT A THEODORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00678-MHH-HNJ |
| | ) | |
| B.D. WALKER, | ) | |
| *Warden* | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

In the habeas petition he filed pursuant to 28 U.S.C. § 2241, Wilbert A. Theodore challenges the Bureau of Prisons' calculation of First Step Act credits towards his federal sentence. (Doc. 1). On January 23, 2026, the Magistrate Judge entered a report in which he recommended that the Court dismiss Mr. Theodore's petition with prejudice. (Doc. 19). The Magistrate Judge stated that the parties could file objections within 14 days of the entry of the report. (Doc. 19, p. 19). Mr. Theodore has objected to the report. (Doc. 20).[1]

---

[1] The Court docketed Mr. Theodore's petition on February 20, 2026, but Mr. Theodore has indicated that he placed his written objections in the prison mailing system on February 5, 2026. (Doc. 20, p. 2). Therefore, Mr. Theodore's objections are timely. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's *pro se* filing "is deemed filed the date [the document] are delivered to prison authorities for mailing") (brackets added).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (quoting § 636(b)(1)); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give fresh consideration to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).

Mr. Theodore contends that BOP should provide FSA time credits during two time periods: the time between the date on which he was sentenced in the Western District of Arkansas (November 17, 2022) and his initial designation at FCI Talladega (April 24, 2023), (Doc. 1, pp. 6, 38; *see also* Doc. 12-1, p. 1; Doc. 12-4, pp. 1–2, ¶¶ 5–6), and the time during which he was in United States Marshal custody at FCI Englewood (July 17, 2023, through January 6, 2025), (Doc. 1, pp. 6, 33–34; *see also* Doc. 12-4, p. 2, ¶ 6). As the Magistrate Judge explained, by statute, federal

2

prisoners who successfully participate in or complete "evidence-based recidivism reduction programming or productive activities" earn FSA time credits that may reduce a prisoner's term of imprisonment. 18 U.S.C. § 3632(d)(4)(A), (C); *see* Doc. 19, p. 9 (citing 18 U.S.C. § 3632(d)(4)(A), (C)). The statute does not define the phrase "successfully complete," but a regulation concerning the statute states that an inmate cannot be "successfully participating" in recidivism reduction programming or productive activities while the inmate is in "the custody of another Federal or non-Federal government agency (e.g., on state or Federal writ, transfer to state custody for service of sentence, etc.)." 28 C.F.R. § 523.41(c)(4); *see* Doc. 19, pp. 10–11 (quoting 28 C.F.R. § 523.41(c)(4). [2]

The Magistrate Judge determined that Mr. Theodore is not entitled to additional FSA credits because Mr. Theodore did not participate in EBRR programming or PAs during the two periods at issue. (Doc. 19, p. 8). The Magistrate Judge determined that Mr. Theodore did not earn FSA credits between November 17, 2022, and April 24, 2023, because the Individualized Needs Plan that Mr.

---

[2] Courts differ as to the force of the regulation. *Compare Sharma v. Peters*, 756 F. Supp. 3d 1271, 1283–84 (M.D. Ala. 2024) (explaining that 18 U.S.C. § 3632(d)(4)(B) does not preclude a prisoner from receiving FSA credits for which he is eligible simply because he was housed outside of his facility and that the BOP may not administratively impose such requirement on prisoners), *with Stevens v. Jacquez*, No. 3:23-CV-01482-AA, 2024 WL 3200546, at *5 (D. Or. June 25, 2024) (recognizing that several courts have found that "BOP reasonably interpreted the FSA in determining that eligible [prisoners] are not 'successfully participating' in EBRR programming when in transit to or in 'the custody of another Federal or non-Federal government agency'").

Theodore attached to his petition does not identify recidivism programming or productive activities in which Mr. Theodore participated during that five-month period. (Doc. 19, p. 15) (citing Doc. 1, p. 35) (January 17, 2025, Individualized Needs Plan – Program Review). The Magistrate Judge found that Mr. Theodore was not entitled to FSA credits while he was housed at FCI-Englewood between July 17, 2023, and January 6, 2025 on a federal writ because the FDC Plant Kingdom class Mr. Theodore completed at FCI Englewood does not qualify as an approved recidivism program or productive activity. (Doc. 19, pp. 16–18).

Mr. Theodore contends that he has been eligible for FSA time credits since he was sentenced in Arkansas. (Doc. 20, pp. 1–2). Mr. Theodore is correct; he became eligible to earn FSA time credits when the judgment was entered in his Arkansas case. But eligibility is different from earned credit. As the Magistrate Judge explained, by statute, Mr. Theodore must earn credits by participating in evidence-based recidivism reduction programming or productive activities. (Doc. 19, p. 8); 18 U.S.C. § 3632(d)(4)(A). In his objections, Mr. Theodore has not identified recidivism programs in which he participated other than the one for which he received credit.

Mr. Theodore argues that the FDC Plant Kingdom course that he took at FCI-Englewood should qualify as a productive activity. (Doc. 20, p. 2). The FSA defines a productive activity as "either a group or individual activity that is designed to allow

4

prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating . . ..”  18 U.S.C. § 3635(5).[3]  Mr. Theodore bears the burden “to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation.”  *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008).  Mr. Theodore’s conclusory argument that “any general education course should be deemed a productive activity” is not enough to meet that burden.  Mr. Theodore has not demonstrated that the BOP considers the FDC-Plant Kingdom course a productive activity for purposes of § 3635(5).[4]

---

[3] It appears that the BOP has determined that Mr. Theodore has a low risk of recidivism.  (*See* Doc. 12-5, p. 3).

[4] The BOP’s First Step Act Approved Programs Guide defines a PA as:

> A group or individual activity that enhances skills to address identified needs. These programs promote productivity and aid in maintaining or working toward minimum or low risk levels.  PAs include a variety of structured programs (e.g., group therapy, classes) and unstructured activities (e.g., teams, exercise, worship services).  This guide only lists structured, curriculum-based, PAs.

 U.S. DEPT. OF JUST., FEDERAL BUREAU OF PRISONS, FIRST STEP ACT APPROVED PROGRAMS GUIDE 2, (January 2024), https://www.bop.gov/inmates/fsa/docs/fsa-approved-program-guides-en.pdf.

The BOP’s First Step Act Approved Programs Guide lists the following structured, curriculum-based PAs: A Healthier Me; A Matter of Balance; AARP Foundation Finances 50+; Academic Success; Access; Alcoholics Anonymous (AA) Support Group; Aleph Institute; Arthritis Foundation Walk with Ease; BE-ACTIV; Bereavement Support Group; Beyond Violence: Prevention Program for Criminal-Justice Involved Women; Brain Health as You Age: You can Make a Difference! Improve memory and decision-making; Brief [Cognitive Behavioral Therapy (“CBT”)] for Suicidal Individuals; CBT for Eating Disorders; CBT for Insomnia; CBT for Prison Gambling; Change Plan; Circle of Strength; Complicated Grief Treatment; Create New Beginnings (CNB); Disabilities Education Program (DEP); Drug Education; Embracing Interfaith Cooperation; Federal Prison Industries (FPI) Lean Basic Training; Franklin Covey 7 Habits on the

For these reasons, the Court overrules Mr. Theodore's objections, adopts the Magistrate judge's report, and accepts his recommendation. By separate order, the Court will deny Mr. Theodore's petition and dismiss this matter.

**DONE** and **ORDERED** this March 24, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

Inside; Getting to Know Your Healthy Aging Body; Health and Wellness Throughout the Lifespan; Healthy Mind and Bodies; Healthy Steps for Older Adults; Houses of Healing: A Prisoner's Guide to Inner Power and Freedom; K2 Awareness Program; Living a Healthy Life with Chronic Conditions; Managing Your Diabetes; Mental Health Maintenance; Mindfulness-Based Cognitive Therapy; Narcotics Anonymous (NA); National Diabetes Prevention Program; PEER; Preparing for Success After Prison; Pu's Foundation Reentry Program; Reach Out, Stay Strong, Essentials for Mothers of Newborns (ROSE); Redefining the Mission: Veterans Reentry Program; Resilience Support; Service Fit; Sexual Self-Regulation (SSR); Soldier On; Square One: Essentials for Women; Start Now; Supported Environment; Talking with Your Doctor: Guide for Older Adults; Trauma Education; Ultra Key 6: The Ultimate Keyboarding Tutor; Understanding Your Feelings: Shame and Low Self Esteem; Veterans Career Exploration; Victim Impact: Listen and Learn; Wellness Recovery Action Plan; Women in the 21st Century Workplace; Women's Aging: Aging Well; Women's Relationships; Women's Relationships II; Women's Reflections Group; and Your Guide to Labor and Birth. *See* U.S. DEPT. OF JUST., FEDERAL BUREAU OF PRISONS, FIRST STEP ACT APPROVED PROGRAMS GUIDE 56-72, (January 2024), https://www.bop.gov/inmates/fsa/docs/fsa-approved-program-guides-en.pdf.